

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-22-00029-CV &
06-22-00030-CV

IN THE INTEREST OF B.B., A CHILD

&

IN THE INTEREST OF I.D., A CHILD

On Appeal from the County Court at Law No. 2
Gregg County, Texas
Trial Court Nos. 2019-698-CCL2 & 2020-621-CCL2

Before Morriss, C.J., Stevens and van Cleef, JJ.

# O R D E R

As a result of petitions seeking termination of parental rights filed by the Texas Department of Family and Protective Services (the Department), the trial court appointed Mother the possessory conservator of B.B. and I.D.[1]  Mother appeals.  We abate this appeal to allow the trial court the opportunity to comply with the Indian Child Welfare Act (ICWA).

Congress passed the ICWA in response to the "rising concern in the mid-1970's over the consequences to Indian children, Indian families, and Indian tribes of abusive child welfare practices that resulted in the separation of large numbers of Indian children from their families and tribes through adoption or foster care placement, usually in non-Indian homes." *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 32 (1989).  "An Indian child is defined by the ICWA as an 'unmarried person who is under age eighteen and is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe.'"  *In re C.C.*, No. 12-17-00114-CV, 2017 WL 2822518, at *2 (Tex. App.—Tyler June 30, 2017, no pet.) (mem. op. & abatement order) (quoting 25 U.S.C.A. § 1903(4)).  "The ICWA, however, does not define what constitutes being a 'member' or 'being eligible for membership.'"  *Id.* (citing 25 U.S.C.A. § 1903(4)).  "Each tribe has its own criteria for determining tribe membership."  *Id.*

"The Bureau of Indian Affairs created guidelines for state courts to use in Indian child custody proceedings to assist with the interpretation of the ICWA."  *Id.* (citing Bureau of Indian

---

[1]Mother was appointed possessory conservator of B.B. in the trial court's cause number 2019-698-CCL, which is on appeal under our cause number 06-22-00029-CV.  She was appointed possessory conservator of I.D. in the trial court's cause number 2020-621-CCL, which is on appeal under our cause number 06-22-00030-CV.  The two cases were consolidated for trial.

Affairs Guidelines for State Courts; Indian Child Custody Proceedings (BIA Guidelines), 44 Fed. Reg. 67,584 (Nov. 26, 1979)). Under the BIA Guidelines, "[p]roceedings in state courts involving the custody of Indian children shall follow strict procedures and meet stringent requirements to justify any result in an individual case contrary to these preferences." *Id.* (quoting BIA Guidelines, 44 Fed. Reg. at 67,586). "Specific instructions are provided in the [BIA] Guidelines for the determination of the status of an alleged Indian child." *Id.* (citing *In re J.J.C.*, 302 S.W.3d 896, 900 (Tex. App.—Waco 2009, no pet.)). "The burden is placed on the trial court to seek verification of the child's status through either the Bureau of Indian Affairs or the child's tribe." *Id.* (citing BIA Guidelines, 44 Fed. Reg. at 67,586 ("stating that 'the court shall seek verification of the child's status'")).

"Under the ICWA, an Indian tribe is entitled to notice of a custody proceeding involving an Indian child." *Id.* (citing 25 U.S.C.A. § 1912(a)). Here, on receiving notice that B.B. might be an Indian child, the Department sent notices to the Secretary of the Interior, the Anadarko Regional Director of the Bureau of Indian Affairs, and the Colorado River Indian Tribe. In its notice, the Department identified B.B. as a possible Indian child and stated, "The mother, [J.D.], is claiming Indian Heritage, Cherokee Tribe, through Grandmother, Brenda King Dalston."[2] In response, the Bureau of Indian Affairs reported, "The ICWA Notice states a possible tribal affiliation with the following tribe(s): <u>Cherokee</u>." The letter from the Bureau of Indian Affairs asked the parties and the trial court to "[p]lease refer to the BIA Website for Receipt of

---

[2]Although the Department represented in its notices that Mother was claiming Indian heritage for her children, the Department represented in its original and first amended petitions in B.B.'s case, and in its original, first amended, and second amended petitions in I.D.'s case, that "[a]ll parties [denied] that the child [had] Indian heritage." Also, in each of its permanency reports and status reports to the trial court in both cases, the Department represented that each child's American Indian status was denied by Mother.

Designated Tribal Agents for Service of ICWA Notices: https://www.bia.gov/sites/bia.gov/files/assets/bia/ois/ois/pdf/idc2-061761.pdf." Although this website listed three separate Cherokee tribes—the Cherokee Nation, the Eastern Band of Cherokee Indians, and the United Keetoowah Band of Cherokee Indians in Oklahoma—our record reflects that notices were not sent to any of those tribes. As a result, notice must be sent to the Cherokee Nation, the Eastern Band of Cherokee Indians, and the United Keetoowah Band of Cherokee Indians in Oklahoma.[3]

Notices must comply with Section 23.111 and must include:

(1)     The child's name, birthdate, and birthplace;

(2)     All names known (including maiden, married, and former names or aliases) of the parents, the parents' birthdates and birthplaces, and Tribal enrollment numbers if known;

(3)     If known, the names, birthdates, birthplaces, and Tribal enrollment information of other direct lineal ancestors of the child, such as grandparents; and

. . . .

(5)     A copy of the petition, complaint, or other document by which the child-custody proceeding was initiated . . . .

25 C.F.R. § 23.111(d).

"A violation of the ICWA notice provisions may be cause for invalidation of the termination proceedings at some later, distant point in time." *In re C.C.*, 2017 WL 2822518, at *2 (citing 25 U.S.C.A. § 1914 ("providing that '[a]ny Indian child who is the subject of any action for . . . termination of parental rights under State law, any parent . . . from whose custody such child was removed, and the Indian child's tribe may petition any court of competent

---

[3]The current agents for the ICWA notices for each of these tribes may be found on the Bureau of Indian Affairs' website.

jurisdiction to invalidate such action upon a showing that such action violated any provision of sections 1911, 1912, and 1913 of this title'")).

Thus, because the inquiry required by the ICWA is necessary here, we abate the appeals in cause numbers 06-22-00029-CV and 06-22-00030-CV, with the following instructions:

1.     the trial court shall send, no later than **August 17, 2022**, proper notices that comply with the ICWA's statutory notice requirements discussed herein to

Cherokee Nation
Lou Stretch, Indian Child Welfare Director
P.O. Box 948
Tahlequah, OK, 74465

Eastern Band of Cherokee Indians
Jenny Bean, Family Safety Supervisor
P.O. Box 666
Cherokee, NC, 28719

United Keetoowah Band of Cherokee Indians in Oklahoma
Roxana Wilden, ICW Advocate
P.O. Box 746
Tahlequah, OK, 74465

2.     the trial court shall thereafter conduct a hearing in each of these matters, no later than **September 17, 2022**, to determine whether either or both of B.B. and I.D. are Indian children under the ICWA;

3.     the trial court shall cause a record of the proceedings to be prepared and shall make appropriate findings as to whether either or both of B.B. and I.D. are Indian children under the ICWA;

4.     the reporter's record from the hearing shall be filed in each appeal pending in this Court no later than **September 24, 2022**; and

5.     a supplemental clerk's record (including any orders and findings resulting from the ICWA hearing) shall be filed in each appeal pending in this Court no later than **September 24, 2022**.

5

*See* TEX. R. APP. P. 44.4. Due to the accelerated nature of parental-rights termination proceedings, the trial court shall conduct these abatement proceedings in an expedited fashion. These appeals will be reinstated in this Court following the filing of the supplemental clerk's records. Until such time, the August 23, 2022, submission dates are hereby withdrawn in each appeal.

IT IS SO ORDERED.

BY THE COURT

DATE: August 10, 2022